UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASON TYE MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00829-TWP-TAB |
| | ) | |
| JONATHAN R. DEAN Deputy Tippecanoe County Prosecuting Attorney, | ) ) | |
| GREGORY J. DONAT Tippecanoe County Superior Court 4 Judge, | ) ) | |
| PAUL D. MATHIAS, | ) | |
| MARGRET ROBB, | ) | |
| CALE J. BRADFORD, | ) | |
| JUDGE DARDEN Indiana Appellate Court Judge, | ) ) | |
| STATE OF INDIANA all in their official capacities, | ) ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting *In Forma Pauperis* Status, Dismissing Complaint,
and Directing Plaintiff to Show Cause**

**I.**

Plaintiff Jason Tye Myers's ("Mr. Myers") Motion to Proceed *in forma pauperis* (Dkt. 3) is **GRANTED**. Given Mr. Myers's financial status, the assessment of an initial partial filing fee is not feasible as this time.

**II.**

Mr. Myers is a prisoner currently confined in Plainfield Correctional Facility. Because Mr. Myers is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In

determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by Mr. Myers are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Mr. Myers brings this action pursuant to 42 U.S.C. § 1983 against the Tippecanoe County Prosecuting Attorney in his state court criminal case, the state trial and appellate judges on the panel who presided over his state court appeal, and the State of Indiana. He alleges that his conviction was secured in violation of his Fourth Amendment right to be free from searches and seizures that are not supported by probable cause and that, in failing to exclude the evidence secured as a result of this Fourth Amendment violation, the judicial defendants denied him due process. He asks this Court to vacate his underlying state court conviction and requests compensatory and punitive damages.

Applying the standards set forth in § 1915A, Mr. Myers's complaint must be dismissed for failure to state a claim upon which relief can be granted for the following reasons:

- The claims against the state court judges are dismissed with prejudice because of judicial immunity. *See Mireles v. Waco,* 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

- The claims against the prosecuting attorney are dismissed with prejudice because of prosecutorial immunity. *See Imbler v. Pachtman,* 424 U.S. 409, 428 (1976).

- The claim against the "State of Indiana, all in their official capacities" is dismissed for the reasons stated above.

- The claims against all of the defendants would necessarily imply the invalidity of Mr. Myers's state court conviction. Because of this, these claims cannot proceed. *See Muhammad v. Close,* 540 U.S. 749, 751 (2004) (citing *Heck v. Humphrey,* 512 U.S. 477 (1994)); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007) (*Heck* . . . holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon.).

- Mr. Myers appears to acknowledge the problem *Heck* presents for his claims, but contends that the Court can enjoin his conviction in this case, after which he can proceed with his claims for damages against the defendants. But Mr. Myers's request for release from his current from confinement must be brought in an appropriate collateral challenge to his conviction and cannot become an adjunct of a civil rights lawsuit under § 1983.

### III.

Accordingly, Mr. Myers claims are **dismissed** for failure to state a claim upon which relief can be granted. Mr. Myers shall have **through June 26, 2015,** in which to **show cause** why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If he fails to do so, the action will be dismissed for the reasons set forth in this Entry.

**IT IS SO ORDERED.**

Date: 6/2/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASON TYE MYERS
154417
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168